**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**AT GREENBELT**
COURT FILE NO.: CV - _____

| | |
|---|---|
| CHRISTOPHER LEONARD,<br><br>Plaintiff,<br>v.<br><br>PRIMARY SOLUTIONS GROUP, LLC<br><br>Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Maryland Consumer Debt Collection Act, §14-201 et seq. ("MCDCA").

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

## PARTIES

4. Plaintiff is a natural person who resides in the Town of Chevy Chase, County of Montgomery, State of Maryland, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Primary Solutions Group, (hereinafter "Defendant") is a collection agency operating from an address of 3894 Beacon Street, Marietta, Georgia and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and MCDCA §14-201(b).

-1-

## FACTUAL ALLEGATIONS

6. On or before 2013, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

8. On or about July 12, 2013, Defendant left a voicemail for Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

9. Defendant's agent failed to provide the required mini-Miranda warning, "This is an attempt to collect a debt and any information obtained will be used for that purpose," in this message.

10. Defendant's agent stated she was calling from the Investigation Department regarding an ongoing investigation.

11. Defendant's agent stated Plaintiff was a person of interest, which made Plaintiff believe he was a criminal suspect.

12. Defendant's agent stated that if Plaintiff failed to respond within twenty-four (24) hours, the matter would be forwarded to someone in the county.

13. This communication is in violation of numerous and multiple provisions of the FDCPA and MCDCA including but not limited to 15 U.S.C. §1692e, 1692e(5), 1692e(7), 1692e(9), 1692e(10), 1692e(11), 1692e(14), and MCDCA §14-202(7), §14-202(8), §14-202(9).

14. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, fear, humiliation, frustration, amongst

other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at Plaintiff's home.

## TRIAL BY JURY

15. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

16. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 15 above.

17. Defendant violated the FDCPA. Defendants violations include, but are not limited to, the following:

   (a) The Defendants violated 15 U.S.C. §1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

   (b) The Defendants violated 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

   (c) The Defendants violated 15 U.S.C. §1692e(7) by making false representations or implications that the consumer committed any crime or other conduct in order to disgrace the consumer.

   (d) The Defendants violated 15 U.S.C. §1692e(9) by using or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of

the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(e) The Defendants violated 15 U.S.C. §1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(f) The Defendants violated 15 U.S.C. §1692e(11) by failing to state the mini-Miranda warning, "This is an attempt to collect a debt and any information obtained will be used for that purpose."

(g) The Defendants violated 15 U.S.C. §1692e(14) by use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

18. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant as follows:

a) For an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant and in favor of Plaintiff;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant in favor of Plaintiff;

    c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant and in favor of Plaintiff;

    d) Actual damages from the Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations; and

    e) For such other and further relief as may be just and proper.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## §14-201 et seq.

19. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 15 above.

20. Defendant violated the MCDCA. Defendants violations include, but are not limited to, the following:

    (a) The Defendants violated §14-202(7) by using obscene or grossly abusive language in communicating with the debtor or a person related to him.

    (b) The Defendants violated §14-202(8) by claiming, attempting, or threatening to enforce a right with knowledge that the right does not exist.

    (c) The Defendants violated §14-202(9) by using a communication which simulates legal or judicial process or gives the appearance of being authorized, issued, or approved by a government, governmental agency, or lawyer when it is not.

21. As a result of each and every Defendant's violations of the MCDCA, Plaintiff is therefore entitled to actual damages pursuant to § 14-203 from each and every Defendant herein.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant as follows:


a) For an award of actual damages pursuant to §14-203 against each and every Defendant;

b) For an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the MCDCA violations and invasions of privacy in an amount to be determined at trial.

Respectfully submitted,

Dated:

By: /s/M. Edvard Shprukhman, Esq.
8202 Anita Road
Baltimore, MD 21208